D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs*

CV 13-3135

DEARIE, J.

POHORELSKY, M.J.

-----------------------------------------------------------x
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

ALEXEY DEVISHEV, NIKITA
IVANCHENKO, ALEXANDER KOPENKIN
and DMITRIY ANTONOV,

           **Plaintiffs,**

    v.

ALEXANDER PODOLNYY, VLADIMIR
TSYRYULNIKOV and YELENA
KORSUNSKAYA,

           **Defendants.**
-----------------------------------------------------------x

INDEX NO.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

FILED
CLERK
2013 MAY 30 PH 3:57
U.S. DISTRICT COURT
EASTERN DISTRICT

1. Plaintiffs allege as follows:

### JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## **THE PARTIES**

1. Defendants Alexander Podolnyy, Vladimir Tsyryulnikov AND Yelena Korsunskaya are owners and operators, of AAG Crepe House Inc. which operates a restaurant named XO Creperie located in Sheepshead Bay, Brooklyn.

2. Upon information and belief, AAG Crepe House Inc. has an annual gross volume of sales in excess of $500,000.

3. Defendants Podolnyy, Tsyryulnikov and Korsunskaya exercise control over the restaurant's day to day operations.

4. Defendants Podolnyy, Tsyryulnikov and Korsunskaya have the power to hire and fire XO Creperie employees.

5. From 2002 until 2009 Mr. Tsyryulnikov was in charge of payroll and scheduling of the waitstaff at the restaurant. Mr. Tsyryulnikov also maintained the waitstaff's employment records.

6. Mr. Tsyryulnikov's duties were delegated to him and controlled by the other owners of the restaurant, including Mr. Podolnyy. Mr. Podolnyy, together with the other owners, assisted Mr. Tsyryulnikov in managing the restaurant and they were ultimately responsible for all decisions that Mr. Tsyryulnikov made.

7. All the owners of the restaurant were and are involved in controlling the conditions of employment at the restaurant. For example, in 2011 when servers at the restaurant complained to the restaurant's management about one of the other owners,

Richard Karelyan, taking a portion of the servers' tips Mr. Podolnyy called a meeting where he announced his decision that Mr. Karelyan would no longer take a share of the tips.

8. Upon information and belief, Defendants Podolnyy, Tsyryulnikov and Korsunskaya are employers of Plaintiffs.

9. All Defendants are hereinafter collectively referred to as "Defendants."

10. Plaintiff Alexey Devishev, was employed by Defendants for roughly six years, from 2007-2012.

11. Plaintiff Nikita Ivanchenko was employed by Defendants for roughly ten months, from October 2010 until June 2011.

12. Plaintiff Alexander Kopenkin is currently employed by Defendants and has been since 2007.

13. Plaintiff Dmitriy Antonov is currently employed by Defendants and has been since 2002.

## FACTS

14. Defendants committed the following alleged acts knowingly, intentionally and willfully.

15. Defendants did not pay Plaintiffs an hourly wage for all hours worked.

16. Plaintiffs often worked in excess of forty hours per workweek. In fact, Plaintiffs typically worked approximately 50 hours per week.

17. Defendants unlawfully failed to pay the Plaintiffs one-and-one-half times New York State and federal minimum wage for hours that they worked in excess of 40 per workweek.

3

18. Defendants knew that the nonpayment of minimum wage, nonpayment of overtime, and illegal deductions from the compensation of Plaintiffs would economically injure them and violated federal and state laws.

19. Plaintiffs sustained substantial losses from Defendants' failure to pay them for their earned wages and for their proper overtime compensation.

20. At the end of each week all servers were required to return to Defendants $161 from their tips. Defendants would then issue the servers a check amounting to between $120 and $140 supposedly as some sort of sham wage payment.

21. Between September 2010 and August 2011 Defendants retained and/or misappropriated to managers portions of the Plaintiffs' tips.

22. Every month Defendants also demanded an additional portion of Plaintiffs tips amounting to approximately $100. These sums were allegedly used to cover Defendants' FICA obligations resulting from the sham wage payments.

23. Defendants required Plaintiffs to pay $20 per shift to cover any costs incurred due to broken dishes.

24. Defendants required Plaintiffs to pay for the purchase of their uniforms and did not reimburse them for the costs incurred in laundering the uniforms.

25. Plaintiffs' workdays often lasted longer than 10 hours.

26. Defendants did not pay Plaintiffs' New York's "spread of hours" premium for every day in which they worked over 10 hours.

## FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. § 201, *et seq.*)

27. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

28. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs.

29. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

30. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)

31. Plaintiffs reallege and incorporate by reference all previous paragraphs.

32. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

33. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiffs have been and are entitled to overtime.

34. Plaintiffs seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*)

35. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

36. Defendants did not pay Plaintiffs minimum wage for all hours worked.

37. Defendants knowingly failed to pay the Plaintiffs the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

38. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

39. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### (New York Overtime Violations)
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. Tit. 12, § 137-1.3)

40. Plaintiffs reallege and incorporate by reference all previous paragraphs.

41. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

42. Throughout the liability period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

43. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities,
N.Y. Lab. L. §§ 193, 196-d and 198-b)

44. Plaintiffs reallege and incorporate by reference all previous paragraphs.

45. Defendants retained and continue to retain portions of Plaintiffs' tips.

46. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
(Uniform Violations
N.Y. Lab. L. § 193)

47. Plaintiffs reallege and incorporate by reference all previous paragraphs.

48. Defendants failed to reimburse Plaintiffs for the cost of uniform maintenance in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations.

49. Defendants failed to launder or maintain the required uniforms for Plaintiffs and failed to pay them for any costs incurred in laundering the uniforms.

50. Due to Defendants' violation of the NYLL, Plaintiffs are entitled to recover from Defendants their costs of purchasing and maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SEVENTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)

51. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52. Plaintiffs regularly had workdays that lasted more than ten (10) hours.

53. Defendants willfully and intentionally failed to compensate Plaintiffs' one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

54. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-Judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.


Dated: New York, New York
       May 30, 2013

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

By: _____
D. Maimon Kirschenbaum
Josef Nussbaum
233 Broadway
5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs*